**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| DAVID CLARK | * | CIVIL ACTION NO. 07-1160 |
| VERSUS | * | JUDGE HICKS |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background & Procedural History

David Clark protectively filed an application for Supplemental Security Income payments on May 10, 2006. (*See*, Tr. 13). He alleged disability since May 10, 2006, due to glaucoma in both eyes. (Tr. 45-46). The claim was denied at the initial stage of the administrative process. (Tr. 24, 26-29). Thereafter, Clark requested and received a February 7, 2007, hearing before an Administrative Law Judge ("ALJ"). (Tr. 107A-120). However, in a March 28, 2007, written decision, the ALJ determined that Clark was not disabled under the Act, finding at Step Four of the sequential evaluation process that he was able to return to past relevant work as a stocker. (Tr. 10-18). Clark appealed the adverse decision to the Appeals Council. Nonetheless, on May 26, 2007, the Appeals Council denied Clark's request for review; thus, the ALJ's decision

became the final decision of the Commissioner. (Tr. 3-5).

On July 12, 2007, Clark sought review before this court. He alleges that the ALJ's determination that plaintiff can perform past relevant work is not supported by substantial evidence.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program

2

throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make

an adjustment to other work in the economy.
*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## **Analysis**

The ALJ found at Step Two of the sequential evaluation process that Clark suffers from severe impairments of primary open-angle glaucoma and hypertension. (Tr. 15, 17). The ALJ concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id*. The ALJ then determined that Clark retained the residual functional capacity to "perform work at any exertional level reduced by limited ability to read small print, and drive or operate machinery." (Tr. 16-17).[1]

At Step Four of the sequential evaluation process, the ALJ relied upon vocational expert ("VE") testimony to determine that Clark could return to his past relevant work as a stocker. (Tr. 17-18, 113-114). However, the ALJ did not specify whether plaintiff could return to his past relevant work as he performed the job, or as the job is generally performed in the national

---

[1] Plaintiff does not contest the ALJ's residual functional capacity assessment. Indeed, the record contains substantial evidence to support the ALJ's assessment. (Tr. 90, 93-100).

economy. (*See*, Tr. 17-18).[2]

Plaintiff contends that he is unable to perform the job of stocker or stock clerk as the job is performed in the national economy because according to the Dictionary of Occupational Titles ("DOT") it requires occasional near visual acuity which he purportedly lacks.[3] However, the ALJ did not find that Clark's ability to see up close was entirely precluded; rather, he only determined that Clark was *limited* in his ability to read small print. In fact, the examining physician found that plaintiff could read large print. (Tr. 90).

Insofar as plaintiff actually performed his prior job, he testified that the difficulty that he experienced was that his eyes would become foggy about once every other month, blurring his eyesight for about 20 to 25 minutes. (Tr. 114-115). Due to the limited duration and infrequency of the fogginess, there is no reason why the episodes could not be accommodated during regular

---

[2] Past relevant work is defined as "the actual demands of past work or 'the functional demands ... of the occupation as generally required by employers throughout the national economy.'" *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987) (citing, Social Security Ruling 82-61).

[3] The VE did not identify plaintiff's prior work by DOT code. However, the disability examiner did: 299.367-014. (Tr. 25). The ALJ is obliged to ask the VE if her testimony conflicts with the DOT. (SSR 00-4p). Although the ALJ stated in his decision that he "affirmed" that the VE's testimony did not conflict with the DOT, the hearing transcript does not reveal the requisite inquiry.
   Where the rights of individuals are affected, an agency must follow its own procedures, even where the procedures are more rigorous than otherwise would be required (*e.g.* by case law). *See, Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir. 1981)(citations omitted). If an agency violates its own rules, with resulting prejudice, then the underlying proceedings are tainted, and any resulting actions cannot stand. *Id*. Nonetheless, "[p]rocedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). Plaintiff has not made the requisite showing here. *See, discussion, infra; Barratt v. Astrue*, 2008 WL 2325636 (5th Cir. Jun. 6, 2008) (unpubl.) (remand not required despite ALJ's failure to obtain explanation for any conflicts between the VE's testimony and the DOT).

5

work breaks. *See*, SSR 96-9p (a workday typically includes a lunch period and morning and afternoon breaks).

For the reasons stated above, the undersigned finds that the Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **AFFIRMED**, and that this civil action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of July, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE